**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAMELA DUNKEL,

    Plaintiff,

vs.                                                                                              Case No. 3:15-cv-947-J-34MCR

DAVID SAN BORN,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte.  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction.  See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

On July 31, 2015, Plaintiff filed her Complaint (Doc. 1), which appears to maintain that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Complaint ¶¶ 1-3.  Plaintiff asserts that "[t]his is an action for damages in excess of seventy[-]five thousand dollars exclusive of interest and costs." Id. ¶ 1.  Plaintiff also alleges that she "was a resident of Merritt Island, which is located in Flagler County, Florida" and that "the

defendant, David Sandborn,[1] was a resident of Arlington, Virginia." Id. ¶¶ 2-3.  However, Plaintiff fails to identify her and Defendant Sandborn's state(s) of citizenship.[2]  See generally id.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiff's allegations.  As the Complaint discloses only Plaintiff's and Defendant Sandborn's residence, rather than their state(s) of citizenship, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case.  See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band

---

[1] The caption of the Complaint spells Defendant's name "San Born."  See Complaint at 1.  However, because Plaintiff uses the spelling "Sandborn" throughout the body of the Complaint, the Court will adopt that spelling.

[2] Plaintiff also alleges that "[a]t all times hereto, the defendant, Dawn Hamilton, was the owner and CEO of Security Assistance Corporation (SAC)." Complaint ¶ 4.  However, Plaintiff does not include Dawn Hamilton as a defendant in the caption of the Complaint, and Dawn Hamilton is not a party to this lawsuit.

of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

In light of the foregoing, the Court will give Plaintiff an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over this action.[3] Accordingly, it is

**ORDERED**:

Plaintiff shall have until **August 31, 2015**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida, on this 4th day of August, 2015.

MARCIA MORALES HOWARD
United States District Judge

lc18
Copies to:

Counsel of Record
Pro se party

---

[3] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").